**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>County of Maricopa, et al.,<br><br>　　　　　　Defendants. | No. CV-20-01491-PHX-DLR<br><br>**ORDER** |

On December 27, 2017, the Maricopa County Superior Court entered a judicial foreclosure judgment against Plaintiff Rune Kraft with respect to real property located at 7272 E. Gainey Ranch Road, Lot 100, Scottsdale, Arizona 85258 ("the Property"). (Doc. 21-1 at 2-6.) Pursuant to that judgment, the Maricopa County Sheriff sold the Property at auction on January 2, 2018. (Doc. 21-1 at 11-13.) In the meantime, Kraft appealed the foreclosure judgment, arguing, in part, that the superior court lacked jurisdiction. The Arizona Court of Appeals rejected Kraft's arguments and affirmed the foreclosure judgment on March 28, 2019. *See Gainey Ranch Cmty. Ass'n v. Kraft*, No. 1 CA-CV 18-0179, 2019 WL 1412150 (Ariz. Ct. App. Mar. 28, 2019). After subsequent conveyances, Defendant Andrew Phares acquired the Property in June 2020. (Doc. 21-1 at 19-27.)

Kraft, proceeding *pro se*, filed this case the following month. (Doc. 1.) His 47-page complaint brings an array of fraud and conspiracy claims against 53 defendants: Maricopa County, Jonathan Levine, Benjamin Urquhart, Joseph Urquhart, Daniel Tovar,

Phares, Paris Weant, 110 Holdings LLC, 220 Holdings LLC, 330 Holdings LLC, Ariz Investments LLC, AZ Is Home LLC, AZ Property Managers LLC, Brandini Holdings LLC, Brandory Investments LLC, Bron Investments LLC, Burk West LLC, Burkshire Investment Group LLC, Canyon State Property Managers LLC, Carolyn J Kildrew-Arizona Trust, Carson Construction Trust, Casa Calasas LLC, CBJ Ventures LLC, Central Holdings LLC, Ckaz Investments LLC, Columbus Capital LLC, Donald Duck Development LLC, Double J Properties LLC, Empire J Investments LLC, Ga Properties LLC, Georgia Appreciation Potential LLC, Jeffrey Irvin Holdings LLC, JSL Trust, Jsljml LLC, Jonira LLC, King J Holdings LLC, Levine Ira, Maricopoly LLC, Mr. Jacob Investments LLC, Nm Properties LLC, Perfect Prestamos LLC, Procasa LLC, Propiedades Perfectos LLC, Queen E Land LLC, Queen KI Investments LLC, Royal View Properties LLC, Sky Harbor Holdings LLC, South Central Holdings LLC, Ted Frank Investments LLC, Maryory Castrillon AZ Trust, Ticketmanus LLC, Vantage Fbo The Jonathan S, and Michael Reese. The crux of the complaint is that Defendants have engaged in a fraudulent scheme of recording deeds related to the Property—fraudulent because the superior court allegedly lacked jurisdiction to enter the foreclosure judgment, rendering the sheriff's sale and all subsequent conveyances of the Property invalid.

Kraft filed his complaint on July 28, 2020, making the deadline for him to serve Defendants with the summons and complaint October 26, 2020. *See* Fed. R. Civ. P. 4(m). Phares appeared on September 22, 2020 without awaiting formal service and filed an answer and a motion for summary judgment. (Docs. 19, 20.) On October 6, 2020, the Court issued an order noting that Kraft had not yet served the remaining defendants, and warning that if he did not timely serve them and file proof thereof with the Court, those defendants would be dismissed after November 6, 2020. (Doc. 26.) On November 2, 2020, Kraft filed affidavits of service purporting to show that all remaining defendants were served on November 2, 2020. (Doc. 32.)

Based on this service date, the deadline for the remaining defendants to answer or otherwise respond to the complaint would have been November 23, 2020. *See* Fed. R. Civ.

P. 12(a)(1)(A)(i). Only Maricopa County filed an answer, albeit one day late, on November 24, 2020. (Doc. 38.) The next day, Kraft moved to strike Maricopa County's answer (Doc. 39) and for entry of default against all Defendants except Phares (Doc. 40). On November 25, 2020, Reese specially appeared to oppose entry of default on the grounds that he was not properly served. (Doc. 41.) On November 30, 2020, Maricopa County filed a response in opposition to entry of default on the grounds that it had filed its answer prior to Kraft filing his motion for entry of default. (Doc. 43.) And on February 3, 2021, all but one of the remaining defendants appeared specially and moved to dismiss the case due to insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5). (Doc. 47.) For ease, the Court will refer to the defendants represented in the February 3, 2021 motion to dismiss as the "Moving Defendants." Of the 53 named defendants, only Levine Ira has failed to make an appearance, specially or otherwise.

The Court denied Kraft's motion to strike Maricopa County's answer, denied Kraft's motion for entry of default against Maricopa County, and granted the Moving Defendants' motion to dismiss. (Doc. 62.) The Court also granted Phares' motion for summary judgment as follows:

> Phares moves for summary judgment principally on issue preclusion grounds. He argues that issue preclusion bars this action because Kraft's claims are premised on his belief that the superior court lacked jurisdiction to enter a judgment of foreclosure and that the resulting sheriff's sale therefore was unlawful—issues that previously were litigated and resolved against Kraft in state court. The Court agrees.
>
> "'Issue preclusion' occurs when the issue to be litigated was actually litigated in a prior proceeding. In the prior litigation a final judgment was entered, the party against whom the doctrine is to be invoked had a full opportunity to litigate the issue, the party actually did litigate the issue, and the issue was essential to the final judgment." *Circle K Corp. v. Indus. Comm'n of Ariz.*, 880 P.2d 642, 645 (Ariz. Ct. App. 1993). All elements are met here. Kraft raised these jurisdiction arguments with the superior court and the state appeals court. The superior court entered a final judgment of foreclosure, which was affirmed on appeal. Jurisdiction necessarily was essential to the final judgment, and Kraft both had an opportunity to litigate the issue and actually did so. Kraft cannot now pursue claims that require relitigating those same issues. The Court therefore will enter summary judgment in favor of Phares and against Kraft.

- 3 -

(*Id.* at 3-4 (footnote omitted).).

These orders left claims against Maricopa County, Reese, and Ira remaining. The Court observed that dismissal of these remaining defendants appears appropriate because (1) the same issue preclusion that bars Kraft's claims against Phares seems to apply equally to his claims against these remaining defendants and (2) Kraft has not properly served Reese or Ira. (*Id.* at 6.) The Court therefore ordered Kraft to show cause in writing why the Court should not dismiss the remainder of this action. (*Id.*)

Kraft filed his response to the Court's order to show cause. (Doc. 67.) He also filed a number of other motions, three of which the Court will address in this order: two motions for reconsideration of the Court's order to show cause, and a motion for the undersigned to recuse. As explained below, the Court denies Kraft's motions for recusal and reconsideration, and upon review of Kraft's response to the Court's order to show cause, dismisses the remainder of this action.

**I.     Motion for Recusal (Doc. 63)**

Recusal decisions are within the trial judge's sound discretion. *United States v. Wilensky,* 757 F.2d 594, 599-600 (3d Cir. 1985). There are two federal statutes that control when a federal judge should recuse. The first, 28 U.S.C. § 144, provides that a judge shall recuse if the party seeking recusal submits a "timely and sufficient affidavit" which illustrates that the judge has a personal bias or prejudice towards a party. The second, 28 U.S.C. § 455(b), provides that a judge shall recuse under a variety of circumstances, including if the judge has a personal bias or prejudice towards a party. Unlike § 144, however, § 455(b) does not include the requirement of a timely and sufficient affidavit. Furthermore, § 455(a) states that "a judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Thus, there are two reasons for granting a motion for recusal: (1) the judge has a personal bias or prejudice towards a party, §§ 144 and 455(b)(1), or (2) the judge's impartiality might reasonably be questioned, § 455(a). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings."

*Hasbrouck v. Texaco, Inc.,* 842 F.2d 1034, 1045-46 (9th Cir. 1988). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (internal citations omitted).

Kraft argues that the undersigned's impartiality might reasonably be questioned because the undersigned previously served as a judge on the Maricopa County Superior Court and, therefore, might know or be friends with the various state judges and county officials named as defendants in this case. (Doc. 63 at 5.) Kraft's concern is speculative. He presents no evidence that the undersigned has a personal bias or prejudice toward a party to this litigation, nor that the undersigned's impartiality might be questioned. The motion for recusal is denied.

## II.     Motions for Reconsideration (Docs. 64, 65)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.,* 689 F. Supp. 1572, 1573 (D. Haw. 1988). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Kraft first seeks reconsideration of the Court's order dismissing the Moving Defendants for insufficient service of process. (Doc. 64.) Nothing in his motion, however, shows that the Court erred in its analysis of Kraft's service attempts. Kraft alternatively

requests permission to conduct discovery in order to ascertain the correct addresses that should be used to serve Moving Defendants. The Court denies this request because the Court concludes that Kraft's complaint must be dismissed.

Kraft next seeks reconsideration of the Court's order granting Phares' summary judgment motion. (Doc. 65.) Nothing in his motion, however, shows that the Court's issue preclusion analysis was clearly erroneous. The motion is denied.

### III. Order to Show Cause

As the Court explained in its prior order, the crux of Kraft's complaint is that Defendants have engaged in a fraudulent scheme of recording deeds related to the Property. Kraft claims these deeds were fraudulent because the superior court allegedly lacked jurisdiction to enter the foreclosure judgment, rendering the sheriff's sale and all subsequent conveyances of the Property invalid. But Kraft raised these jurisdiction arguments with the superior court and the state appeals court. The superior court entered a final judgment of foreclosure, which was affirmed on appeal. Jurisdiction necessarily was essential to the final judgment, and Kraft both had an opportunity to litigate the issue and actually did so. Kraft cannot now pursue claims that require relitigating those same issues. Nothing in Kraft's response to the Court's order to show cause explains why this conclusion does not apply equally to Kraft's claims against the remaining defendants. Accordingly,

**IT IS ORDERED** as follows:

1. Kraft's motion for recusal (Doc. 63) is **DENIED**.
2. Kraft's motions for reconsideration (Docs. 64, 65) are **DENIED**.
3. Upon consideration of Kraft's response to the Court's order to show cause, this action is **DISMISSED**.

/ / /

/ / /

/ / /

4. The Clerk of the Court is directed to terminate all remaining motions and close this case.

Dated this 25th day of March, 2022.

Douglas L. Rayes
United States District Judge